FILED

FEB 25 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
          Plaintiff,

Criminal No. 1:05CR70

RICHARD EARL CRAYTON, JR.,
          Defendant.

## REPORT AND RECOMMENDATION

On the 24th day of February 2009, came the defendant, Richard Earl Crayton, Jr., in person, and also came the United States by its Assistant United States Attorney, David Godwin, for an Initial Appearance pursuant to a Petition for Warrant of Summons for Offender Under Supervision filed in this case on February 13, 2009, alleging Defendant:

1. Violated Mandatory Condition No. 1 that he refrain from any unlawful use of a controlled substance, and

2. Violated Special Condition No. 7 that he refrain from excessive use of alcohol and not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

The nature of the alleged non-compliance was stated as follows:

On February 6, 2009, Mr. Crayton's BAC was tested to be .093%. On that same date, he submitted a urine specimen which has confirmed positive for marijuana by the GC/MS method. It is noted that on February 25, 2008 and December 29, 2008, respectively, Mr. Crayton submitted urine specimens which were confirmed positive for marijuana by the GC/MS method . . . .

The Probation Officer also informed the Court that because Mr. Crayton has submitted three positive urine specimens within one year, the Probation Officer felt compelled to bring the matter before the Court for final resolution pursuant to 18 USC section 3583(g)(4). The Probation Officer recommended, however, that Defendant's supervised release not be revoked, but that his Conditions of Supervision be modified to

1

include participation in Alcoholics Anonymous, including obtaining a sponsor, providing the Probation Office with that sponsor's contact information, attending at least three AA meeting each week, and providing the Probation Officer with documentation verifying his attendance at said meetings. Defendant appeared in Court pursuant to a Summons.

After advising Defendant of the allegations against him; the potential consequences of the Court finding by a preponderance of the evidence that he had violated the terms of his supervised release as alleged in the petition; his rights pursuant to Rule 5 ; and his right to a preliminary hearing the Defendant spontaneously admitted on the record that he had committed the violations as alleged in the petition and that he had started meetings with AA and was in drug counseling as recommended by Probation Officer Burlas and that he was pending a job through the carpenter's union which required random drug testing as a condition of employment. Defendant explained that he did not yet have an approved sponsor because AA had not yet assigned a qualified person to act as such a sponsor, but that the assignment process was pending.

Based on Defendant's spontaneous admissions and his demeanor throughout the hearing, the undersigned admonished the Defendant again of the consequences of testing positive for drugs and the statutory mandatory revocation consequence for testing positive for drugs more than 3 times within a year; determined it was unnecessary to appoint counsel and thereafter bring the Defendant back for a preliminary hearing; advised the Defendant that the subject Opinion, Report and Recommendation would be submitted to the District Judge; and advised the Defendant that it would be up to the District Judge whether or not to accept the undersigned recommendations or to conduct further proceedings in this matter.

Upon consideration of Defendant's spontaneous admissions, the undersigned **FINDS PROBABLE CAUSE** to believe that the Defendant violated his conditions of supervised release as alleged in the petition and forwards the matter to the District Judge for further proceedings.

The undersigned further concluded that it would be in the best interests of the public and the Defendant to and does hereby **RECOMMEND** to the District Court that Defendant's supervised release not

be revoked, but that his Conditions of Supervision be modified to include: 1) participation in Alcoholics Anonymous, including obtaining a sponsor, providing the Probation Office with that sponsor's contact information, attending at least three AA meeting each week, and providing the Probation Officer with documentation verifying his attendance at said meetings; 2) continued successful participation in a drug rehabilitation and counseling program; and 3) inclusion of a work requirement which requires monitoring of progress of Defendant in his efforts to find, secure and maintain employment and his disposition of the proceeds of any such employment all in accord with the following:

## MAINTENANCE OF EMPLOYMENT

In supplement to the Conditions of Supervised Release, Defendant shall, if not engaged as a full time student in an accredited college or university seeking a post high school degree, seek employment, full or part-time, as follows:

1) shall weekly make contact with at least three (3) prospective employers;

2) if offered full or part-time employment with any prospective employer so contacted, shall accept such employment;

3) once employed, shall continue in and maintain such employment and not lose or vacate that employment through fault of the Defendant;

4) shall not change employment without the prior permission of Defendant's probation officer;

5) shall report weekly all contacts with prospective employers to Defendant's probation officer; and

6) once employed, shall report monthly all wages earned and hours worked and account for any expenditures from the earnings from said employment to Defendant's probation officer on such forms as may be approved by said officer.

Any party may, within ten (10) days after being served with a copy of this Opinion, Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Opinion, Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Opinion, Report and Recommendation set forth above will result in waiver

of the right to appeal from a judgment of this Court based upon such opinion, report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Opinion, Report and Recommendation to counsel of record and, inasmuch as Defendant appeared without counsel and made his spontaneous admissions without the assistance of counsel and declined the appointment of counsel, also mail a copy of this Opinion, Report and Recommendation to the Defendant at his residential address    Respectfully submitted this 25 day of February, 2009.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE